

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable L. D. Hartwell
County Attorney
Hunt County
Greenville, Texas

Dear Sir:

Opinion No. O-2812
Re: Whether a licensed em-
balmer may lawfully main-
tain a place of business
in each of two different
towns and related ques-
tions.

We are pleased to reply to your request of October 7th, submitted by your assistant, Eugene Brady, for opinion on the above and related questions. We appreciate the complete statement of facts and helpful discussion of authorities contained in your letter. The fact situation, as set out in your letter, is as follows:

"A is engaged in the Hardware and Furniture Business in the town of X, Hunt County and as part of this business sells caskets. A is not a licensed Funeral Director. A in a room not connected directly with the main business room of said store equips and provides a room for the preparation of dead bodies for burial, which room meets the requirements of the State Board of Embalming. A then leases this room to B, a licensed Embalmer of the town of L, Hunt County for a stipulated monthly rental and a stipulated amount each time this preparation room is used by B in preparing a body for burial.

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

"In the case of a death in the town in which
A does business those interested either call B di-
rectly, or call A who immediately calls B by tele-
phone to come and take charge of the body.  A has
no part in the preparation or burial of the body.
This is handled by B under his own direction as he
sees fit.  A receives no compensation for calling B
to take charge of said funeral.  His only interest
in the matter being in selling the casket and col-
lecting the agreed rental from B.

"B has complete control over said preparation
room, and he personally supervises the burial from the
time he receives a call until interment is completed.
B lives in a town some twenty-five miles from the town
in which A's place of business and said preparation
room is located."

We shall assume that B is a duly licensed funeral di-
rector as well as embalmer.

Upon these facts you ask our opinion on the follow-
ing questions:

"Question No. 1:  Is A violating any section of
Article 4582-a RCS or Article 762-a Penal Code, that
is, is A engaged in the business or practice of Funeral
Directing in violation of said Articles?

"Question No. 2:  Is B violating said law in as-
sisting an unlicensed person to engaged in the business
of Funeral Director as that term is defined by law?

"Question No. 3:  Is it a violation of said
Article for B to engage in the practice of Funeral Di-
recting in a town other than the one in which he resides?"

Section 7 of Article 4782a, Vernon's Civil Statutes of
Texas, as amended Acts, 1935, reads:

"A 'Funeral Director' is a person engaged in or
conducting or holding himself out as engaged in or con-
ducting the business of, (a) preparing, other than by
embalming, for the burial or disposal and directing
and supervising the burial or disposal of dead human
bodies, (b) providing for or maintaining a place for
the preparation, for the disposition or for the care
of dead human bodies, or (c) who shall, in connection
with his name or business, use the words 'Funeral Di-

rector,' 'Undertaker,' 'Mortician,' or any other
title implying that he is engaged in the business
here described."

We agree with your conclusion with respect to ques-
tion 1, that "from the facts stated above it seems clear that
A is not violating said section (7) in that he has nothing
to do with the conducting of the funeral or burial and is
not holding himself out as engaged in or conducting said bus-
iness", and consequently A is not violating any of the provi-
sions of Article 4582-a, R. C. S., or Article 762-a of the
Penal Code.

It necessarily follows, that if A is not engaged
in the business or practice of funeral directing, that B can
not assist him in so doing, wherefore your second question
is answered in the negative.

We likewise agree with your conclusion that your
third question should be answered in the negative, and we
adopt your discussion thereof as expressing the views of this
Department:

"Question No. 3: Rule 4 (promulgated by the
State Board of Embalming under authority of said
Article 4582a) provides that 'Conducting a Funeral
shall mean the personal supervision of a licensed
Funeral Director from the time of the first call until
interment is completed'. Rule 5 provides: 'The busi-
ness of Funeral Directing must be conducted and en-
gaged in at a fixed place or establishment; and no per-
son shall open or maintain a place or establishment at
which to engage in or conduct or hold himself out as
engaging or conducting the business of a funeral Director
as defined in said law without a licensed funeral di-
rector in charge thereof at all times'.

"Under the facts stated above it appears that B
lives in a town some twenty-five miles from the town in
which A's place of business and said preparation room
is located.

"It seems that Section 4 is not violated by the arrangement set out above for B, a licensed Funeral Director, assumes personal supervision of the body and the funeral from the time of the first call until interment is completed.

"As to Rule 5. Under the arrangement above set out the business of funeral directing is conducted and engaged in at a fixed place or establishment. The only question then as to such rule is to the part of said rule which provides that 'a funeral director must be in charge thereof at all times'. Of course, B would not be personally present and physically in charge of said room at each minute of the day, but it appears to me from the facts that B would be in charge thereof at all reasonable times and at all times when said room was being used or when a funeral was being directed.

"In Bizelle v. State, 116 S. W. 2d, page 385, our Court of Criminal Appeals in passing on a law which provided that a beauty school in this state must be 'at all times' under the direct supervision of a registered hairdresser or cosmetologist held that the words 'at all times' appearing in said statute must be given a rational construction consistent with the legislature's intent and must be construed as meaning at all reasonable times. It seems that the words 'at all times' appearing in Rule 5 should be given the same construction, and B, who would be present personally at all times when said preparation room was being used and when a funeral was being directed and supervised and while a body was being prepared for burial and buried, would under a reasonable construction of said rule as set out in Bizelle v. State be held to be present and in charge thereof at all times."

Our opinion herein is based solely on the facts presented to us, and upon somewhat different facts we might reach a different conclusion.

Yours very truly

ATTORNEY GENERAL OF TEXAS

Walter R. Koch
Assistant

APPROVED OCT 30, 1940

Gerald C. Mann

ATTORNEY GENERAL OF TEXAS

WRK:BBB

APPROVED
OPINION
COMMITTEE
BY [BW]
CHAIRMAN